7625

### HOTTAL, ADMR., v. EKART.

DISTRIBUTION OF ESTATES—CONVERSION—GUARDIAN—ADMINISTRATION.— Where a minor married and domiciled in North Carolina has an interest in land in this State, which is sold for partition and the proceeds paid in money to her guardian, the estate becomes personal property in hands of guardian, and under the laws of North Carolina the husband is entitled to the whole estate. His interest therein is not affected by his not administering.

Before W. H. HUNT, Special Judge, Spartanburg. Affirmed.

Proceeding in probate court for settlement of estate of Mossie M. Ekart by J. K. Hottal, administrator, against Frank Ekart, Addie Pearl Gault, and B. K. Wingo, as guardian. From order of Circuit Court affirming judgment of probate court, Addie Pearl Gault, and B. K. Wingo, guardian, appeal.

*Messrs. Simpson and Bomar,* for appellants, cite: *Funds of infants arising from partition sales is realty:* 3 Pom., sec. 1167; 15 Ency., 260; 1 Tiffany, 260; 58 N. C., 271; 56 N. C., 35; 53 N. C., 336; 45 N. C., 1; 41 N. C., 524; 22 N. C., 144; 2 Rich. Eq., 56; 21 S. C., 375; 64 S. C., 101; 9 Cyc., 846. *Conversion:* 19 Ves., 118; 51 S. C., 271.

*Messrs. Nichols & Nichols,* contra, cite: *Land was converted into personalty:* 64 S. C., 101; 21 S. C., 375. *Case governed by laws of North Carolina:* 13 N. C., 73; 96 N. C., 139. *Under these laws the husband inherits all:* 126 N. C., 465; 123 N. C., 219; 116 N. C., 684.

July 18, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.  This action was begun in the
probate court of Spartanburg county for the settlement and
distribution of the estate of Mossie M. Ekart, deceased.
Defendant, Frank Ekart, as surviving husband of the said
Mossie M. Ekart, claimed the entire estate under the laws of
North Carolina.

Defendant, Addie Pearl Gault, and her guardian defend-
ant, B. K. Wingo, claimed that the estate was devisable
under the laws of South Carolina and that she as heir at
law of her sister, Mossie M. Ekart, was entitled to one-half
of the estate.

This appeal is from the judgment of Hon. Walter H.
Hunt, special Judge, affirming the judgment of the probate
court, holding that the estate was personal property and
should be distributed according to the law of North Caro-
lina, and that defendant, Frank Ekart, the husband, was
entitled to the whole estate, after paying costs of administra-
tion and certain debts.

The Statute of North Carolina introduced in evidence is
as follows:

"HUSBAND, ON WIFE'S ESTATE; HIS INTEREST THEREIN:
If any married woman shall die wholly or partly intestate,
the surviving husband shall be entitled to administer on her
personal estate, and shall hold the same, subject to the claims
of her creditors and others having rightful demands against
her, to his own use, except as hereinafter provided.  If the
husband shall die after his wife, but before administering,
his executor or administrator or assignee shall receive the
personal property of the said wife, as a part of the estate
of the husband, subject as aforesaid, and except as provided
by law."

Mossie M. Ekart was a minor, residing in North Carolina,
at the time of her death, on September 6, 1907, or 1908,
intestate, leaving no children, leaving surviving husband,
Frank Ekart, and her sister, Addie Pearl Gault, a minor,
residing in Spartanburg county, S. C.  Plaintiff became

administrator *de bonis non* of estate of Mossie M. Ekart in April, 1909. B. K. Wingo became guardian of Mossie M. Ekart and Addie Pearl Gault, and on November 17, 1902, as such received the proceeds of certain real estate belonging to the estate of their mother, Sarah Ann Gault, in Spartanburg county, which had been sold for partition and division, under an order of Judge Buchanan, dated September 22, 1902, requiring the master to pay the balance of the proceeds of the sale of the said land, after charges, commissions and costs, to the guardian of said Mossie and Addie or to the parties themselves upon their reaching their majority.

The appeal depends upon the question whether the proceeds of real estate became personalty when paid over to the guardian, Wingo, under the order of the Court. We think the proceeds of lands sold for partition became personalty upon distribution under the order of the Court. The purpose of such a proceeding is to change land into money and when distribution is made in money the distributees hold money, not land. This is undoubtedly true as to adults and in the absence of any statute directing otherwise, there is no good reason to have a different rule when distribution is made to the guardian of an infant. This result was recognized in *Major* v. *Hunt,* 64 S. C., 102, 41 S. E., 816, where the Court said:

"If the order of sale had contained a provision that the proceeds of sale when paid into Court should be delivered to the infant or her guardian, it might be contended with effect that this would manifest an intention to convert the realty in all events into personalty, and that equity which considers that as done which should have been done, would stamp the proceeds with the impress of personalty."

A different rule may prevail where the Court retains control of the fund. *Ex parte John W. Mobley,* 2 Rich. Eq., 56; *Major* v. *Hunt,* 64 S. C., 97, 41 S. E., 816.

This fund in the hands of the guardian, being personal estate of Mossie M. Ekart, domiciled in North Carolina,

upon her death intestate became the property of her surviving husband, subject to the conditions of the statute.

We do not construe the statute as making the right of the husband to succeed to the wife's personal estate depend upon the husband becoming administrator thereof. He is given the right to administer, but it is not compelled to do so.

It is sufficient if there be administration by another as in this case. No decision of the Supreme Court of North Carolina giving a contrary construction was introduced in evidence or even cited in argument.

The judgment of the Circuit Court is affirmed.